IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS WARD,

    Petitioner,

v.                                                                     Case No. 3:23-CV-04021-NJR

UNITED STATES,

    Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Demetrius Ward on December 26, 2023. (Doc. 1). On September 24, 2019, after Ward pled guilty, the undersigned sentenced Ward to 120 months' imprisonment as to Count 1: Felon in Possession of a Firearm and 12 months' imprisonment as to Count 2: Possession of a Controlled Substance, to run concurrently for a total term of 120 months. *See United States v. Ward*, Case No. 19-CR-30010 at Docs. 22, 47, 51. In his § 2255 petition, Ward argues that his conviction under 18 U.S.C. § 922(g)(1) now violates the Second Amendment pursuant to the Supreme Court's holding in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Because lower courts are now only to consider "constitutional text and history," he argues, this statute is unconstitutional, and his conviction must be vacated.

    The matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts provides

that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255 is subject to a one-year time limitation that generally runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized *by the Supreme Court*, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

"[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Edwards v. United States*, No. 3:19-CV-293-NJR, 2020 WL 1975077, at *3 (S.D. Ill. Apr. 24, 2020), *aff'd*, No. 20-1771, 2022 WL 4104032 (7th Cir. Sept. 8, 2022) (quoting *Moshier v. United States*, 402 F.3d 116,

118 (2d Cir. 2005) (per curiam)). The time to file a direct appeal in a criminal case expires after 14 days from the entry of the judgment that defendant would be appealing. See FED. R. APP. P. 4(b)(1)(A)(i). Here, because Ward did not file a direct appeal, his conviction became final 14 days after he was sentenced and judgment was entered on September 24, 2019. *See United States v. Ward*, Case No. 19-CR-30010 at Docs. 51. That is, his judgment became final on October 8, 2019. He then had one year from that date to file his motion under § 2255(f)(1).

Additionally, while § 2255(f)(3) allows a petition to be filed within one year of "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[,]" the *Bruen* decision was handed down on June 23, 2022. This means that a timely § 2255 petition on this issue would have had to be filed by June 23, 2023, if the *Bruen* decision even qualifies for retroactive application. Furthermore, Ward's argument attacks the constitutionality of 18 U.S.C. § 922(g)(1) and relies on a variety of circuit court cases, such *as Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), to support this claim. These cases, however, are all irrelevant because only rights asserted by the Supreme Court can extend the statute of limitations for filing a § 2255 petition.[1]

Finally, while § 2255(f)(4) does allow the one-year statute of limitations to run from "the date on which the facts supporting the claim or claims presented could have been

---

[1] *See Patton v. United States*, No. 23-01238, 2024 WL 68678, at *1-2, fn 2 (S.D. Ind. Jan. 4, 2024) (holding that a 2255 petition attacking the validity of a conviction under 18 U.S.C. § 922(g)(1) was untimely for the same reasons as those elaborated on here and emphasizing that the *Bruen* decision did not address § 922(g)).

discovered through the exercise of due diligence[,]" that section "is not triggered when a petitioner discovers or understands a new legal decision or theory." *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007) (to conclude "that any decision by any court on any issue could constitute a factual predicate would swallow up the specifically delineated limitations" in § 2255(f)).

Because Ward did not file this action until December 26, 2023, the Court finds that the motion is untimely. Thus, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Demetrius Ward (Doc. 1) is **DENIED** and this action is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

### CERTIFICATE OF APPEALABILITY

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." Rule 11(a). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the applicant "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Ward has not stated any grounds for relief under § 2255, and reasonable jurists would not find that conclusion debatable or wrong. Thus, he has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

If Ward wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Ward chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Ward files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Ward will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned has already declined to issue a certificate of appealability. Thus, Ward must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Ward cannot afford

to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Ward plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Ward wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for

filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion showing excusable neglect or good cause.

    **IT IS SO ORDERED.**

    **DATED:  January 18, 2024**

                                                      _____
                                                      **NANCY J. ROSENSTENGEL**
                                                      **Chief U.S. District Judge**